## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MAURO ROJAS and PATRICIA ROJAS, as parents and next friend of R.R., a minor child,<br><br>           Plaintiffs,<br><br>v.<br><br>(1) INDEPENDENT SCHOOL DISTRICT NO. OK-77-1001 OF WOODWARD COUNTY a/k/a WOODWARD PUBLIC SCHOOLS, a political subdivision of the State of Oklahoma; and (2) TY ALLEN ALBERS,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)  Attorney Lien Claimed<br>)  Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW the Plaintiffs, Mauro Rojas and Patrica Rojas, as parents and next friend of R.R., a minor child, by and through their attorney of record, and for their causes of action against the Defendants, Independent School District No. OK-77-1001 of Woodward County, a/k/a Woodward Public Schools, and Ty Allen Albers, state as follows:

## PARTIES

1. Plaintiffs Mauro Rojas and Patricia Rojas are residents of Woodward County, Oklahoma, and the parents of minor child R.R., also a resident of Woodward County, Oklahoma.

2. R.R. is a child with special needs who receives special education and related services under an Individualized Education Plan (IEP), pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq, (IDEA).

3. Defendant Independent School District OK-77-1001 of Woodward County, a/k/a Woodward Public Schools (WPS) is a political subdivision, organized and existing under the laws of Oklahoma, with its facilities and schools in Woodward County, Oklahoma.

4. WPS is a recipient of federal funds from the United States Department of Education pursuant to the IDEA and is required to provide a free and appropriate public education (FAPE) in the least restrictive environment to all children with disabilities residing within its educational boundaries. WPS is also a "public entity" within the meaning of the ADA/ADAAA. *See* 42 U.S.C. § 12131.

5. WPS is responsible for all facets of school operations and programs within the Woodward school district, including the staffing and training of key positions, such as school administrators, special education administrators, and special education aides.

6. Defendant Ty Allen Albers (Albers) is a resident of Woodward County, Oklahoma, and at all times relevant hereto, was a special education aide assigned to accompany the minor child R.R. Albers was at all times relevant hereto an agent and employee of Defendant WPS, and was acting within the scope, course, and authority of his employment with WPS.

## JURISDICTION AND VENUE

7. Paragraphs 1-6 are incorporated herein by reference.

2

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343, premised upon the federal Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(A) wherein it provides that "The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."

9. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

10. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy arising under the United States Constitution and federal law.

11. This is an action for damages based on due process violations pursuant to 42 U.S.C. § 1983.

12. The IDEA requires parents who bring claims alleging a violation of free access to public education (FAPE) work through a number of administrative procedures before filing suit against a school, 20 U.S.C. § 1415(*l*). The United States Supreme Court has held that a "complaint seeking redress for those other harms, independent of any FAPE denial, is not subject to § 1415(*l*)'s exhaustion rule." *Fry v. Napoleon Community Schools,* 137 S.Ct. 743, 754 (2017). "A disabled child who asserts a constitutional claim having some relationship to education but no nexus to the IDEA is not required to pursue administrative remedies under the IDEA before filing suit under § 1983." *Franklin v. Frid,* 7 F. Supp. 2d 920, 925 (W.D. Mich. 1998). In addition, IDEA exhaustion would be

3

futile in this case because the "condition creating the damage has ceased." *Plasencia v. California*, 29 F. Supp. 2d 1145, 1152 (C.D. Cal. 1998).

13. Based on the foregoing and 28 U.S.C. § 1391(b)(2), venue is proper because all acts giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

14. Paragraphs 1-13 are incorporated herein by reference.

15. R.R. was a minor and at the time the cause of action occurred was a student enrolled at WPS. R.R. is mute, severely disabled, and was eligible to receive benefits available through the WPS special education program. R.R. has substantial educational limitations, including, but not limited to the inability to speak.

16. Defendant Albers was assigned to accompany, one-on-one, minor child R.R. at all times when R.R. was present on the grounds of WPS.

17. On December 1, 2023, Albers and R.R. were seated in the hallway outside a classroom. Albers had a soft drink in his possession. When R.R. playfully reached for the soft drink, Albers elbowed R.R. which resulted in an immediate nosebleed.

18. When R.R. arrived at his home, his mother, Patricia Rojas, noticed his nose was covered with dried blood and his clothing was stained with blood. That same condition was observed by R.R.'s father, Mauro Rojas, when he arrived home from work.

19. Before December 1, 2023, R.R., although severely disabled and mute, was a happy child and looked forward to going to school each day and playing outside with his brother and friends.

4

20. Before the parents were made aware of the incident at school on December 1, 2023, they observed R.R. hiding in his room, refusing to eat, and reluctantly boarding the school bus the following morning. They did not understand the inconsistent behavior.

21. The parents were subsequently notified by Maribel Hagemeier, secretary to the WPS high school principal, that the battery had occurred and had been reported to the Woodward Police Department. The parents were also notified that the battery had been discovered while reviewing a videotape of the incident. The parents became aware that criminal charges were filed by the Woodward County district attorney.

22. WPS is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs. WPS is responsible for the acts and omissions of its employees.

23. WPS failed to protect R.R. by breaching its duty to provide a safe environment.

24. As a direct and proximate result of the negligent acts of WPS as hereafter described, as well as violations of other U.S. and Oklahoma constitutional rights, R.R. suffered a physical injury which required medical treatment, emotional distress, and permanent psychological damage, and other actual damages in excess of $75,000.

## CAUSES OF ACTION

### 1. Negligence of Defendant WPS

25. Paragraphs 1-25 are incorporated herein by reference.

26. Defendant WPS owed a duty to R.R., as well as all other special education students, to provide an educational setting that was safe, secure, and free from abuse, including battery by his assigned aide.

5

27. Defendant WPS breached its duty to properly protect R.R. by failing to properly and sufficiently check the background of Albers in the hiring process, and to train and supervise Albers in his position as the aide assigned to R.R.  WPS failed to hire a qualified individual to accompany R.R. Defendant Albers acted in reckless disregard for the health and well-being of R.R. and breached the duty owed to R.R.

28. The breaches of duty were the actual and proximate cause of R.R.'s injuries and actual permanent damages in excess of $75,000.

## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
## AS TO ALL DEFENDANTS
## (42 U.S.C. § 1983)

29. Paragraphs 1-28 are incorporated herein by reference.

30. Under the Equal Protection Clause of the Fourteenth Amendment, R.R. had the right as a public school student to personal security and bodily integrity and equal protection of laws.

31. In addition, Article 1, Section 5 of the Oklahoma Constitution confers a right upon R.R. to receive a free public education. Such a right is a property and/or liberty interest, within the meaning of the Fourteenth Amendment of the United States Constitution.

32. At all times relevant hereto, all Defendants acted under color of law in their capacity as the employer and employee charged with overseeing the safety of R.R.

6

33. R.R. has suffered physical and psychological and emotional injuries as a direct
and proximate result of Defendants' breach of his rights under the Fourteenth
Amendment.

34. Subsequent to the battery on December 1, 2025, Albers was charged with a
felony in the District Court of Woodward County, Case No. CF-2023-181.

**WHEREFORE,** based on the foregoing, Plaintiffs pray that this Court grant the
relief sought, including, but not limited to actual damages, including mental and physical
pain and suffering, emotional injuries, embarrassment, loss of self-esteem, punitive
damages, attorney fees, court costs, and any other relief to which the Plaintiffs may be
entitled, all in excess of $75,000.

Respectfully submitted,

BOB BURKE, OBA # 1329
BURKE LAW FIRM
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
405-802-1495
bob@bobburkelaw.com

ATTORNEY FOR PLAINTIFFS